UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOSHEI A. WOODS** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-3083** |
| **LOUISIANA SPECIAL SCHOOL DISTRICT** | **SECTION I** |

## ORDER & REASONS

Before the Court is defendant Louisiana Special School District's ("defendant") motion[1] to dismiss plaintiff Toshei A. Woods' ("plaintiff") complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6). Plaintiff has not filed any opposition to the motion, and the deadline for doing so has passed.[2] For the reasons that follow, the Court grants the motion in part and denies it in part.

## I. FACTUAL BACKGROUND

This is an employment discrimination case. Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), and other federal laws pertaining to sex and race.[3] The complaint alleges employment termination and retaliation from May 2021 to October 2021 based on race, color, sex, and age.[4]

---

[1] R. Doc. No. 9.
[2] The motion was set for submission on November 1, 2023. Pursuant to Local Rule 7.5, plaintiff's response was due on October 24, 2023.
[3] R. Doc. No. 1, at 3.
[4] *Id.* at 4.

According to plaintiff's Equal Employment Opportunity Commission ("EEOC") charge of discrimination, which is attached to her complaint, plaintiff was the Director of Accountability, Assessment, Curriculum, and Evaluation for the Louisiana Special School District.[5] Plaintiff alleges that superintendent "Errnestt Garrett III" ("Garrett") promoted her to this position and gave her a "special project."[6] Plaintiff's complaint indicates that she was born in 1972 and that she is African American, "dark-skin[ned]," and female.[7]

During a meeting, Garrett allegedly told plaintiff to "stop talking about" her purported discovery that some employees were not qualified for their roles, that "he didn't care[,] and that he was not going to get rid of any White folks."[8] Plaintiff further alleges that Garrett was advised of a misappropriation of funds and certain legal compliance issues, but "his response was he didn't care and didn't do anything to correct it."[9] According to plaintiff, Garrett "would also make comments about how he needed to get younger people . . . and that he needed to get rid of the older people in the system."[10] Plaintiff also alleges that Garrett made comments about her "natural hair needing to be tamed" and her "eyelashes being long."[11] Garrett allegedly "made comments that he hoped [plaintiff] wasn't like the average angry black woman" and

---

[5] R. Doc. No. 1-3, at 6; *see also* R. Doc. No. 9-1, at 1.
[6] R. Doc. No. 1-3, at 4; *see also* R. Doc. No. 9-1, at 8.
[7] R. Doc. No. 1, at 4; *see also* R. Doc. No. 9-1, at 8.
[8] R. Doc. No. 1-3, at 6; *see also* R. Doc. No. 9-1, at 2.
[9] R. Doc. No. 1-3, at 6; *see also* R. Doc. No. 9-1, at 2.
[10] R. Doc. No. 1-3, at 6; *see also* R. Doc. No. 9-1, at 2.
[11] R. Doc. No. 1-3, at 6; *see also* R. Doc. No. 9-1, at 2.

told her "to be more lady like and less masculine."[12] In addition, plaintiff claims that she made less money than her underqualified white predecessor and other underqualified and white education directors in her district.[13]

Plaintiff alleges that "[a]ll of this created a hostile work environment."[14] Plaintiff further asserts that she was "discharged on October 29, 2021 through email" and "[n]o reason was given[.]"[15] According to plaintiff, she "did not have any disciplinary actions and received great evaluations."[16] Plaintiff believes she was discriminated against because of her race, color, sex, and age.[17]

On January 27, 2022, plaintiff submitted a charge of discrimination to the EEOC.[18] On May 4, 2023, the EEOC issued a "determination of charge" explaining that the EEOC would not proceed further with its investigation.[19] The EEOC also provided plaintiff with notice of the dismissal of her charge and notice of her right to sue.[20] On August 3, 2023, plaintiff filed the instant lawsuit, asserting that her employment was terminated and that she was retaliated against based on her race, color, sex, and age.[21] Plaintiff asserts that she has exhausted her administrative remedies by filing the EEOC charge and she seeks $600,000 in damages.[22]

---

[12] R. Doc. No. 1-3, at 7; *see also* R. Doc. No. 9-1, at 2.
[13] R. Doc. No. 1-3, at 7; *see also* R. Doc. No. 9-1, at 2.
[14] R. Doc. No. 1-3, at 7.
[15] *Id.*
[16] *Id.*
[17] R. Doc. No. 1-3, at 7; *see also* R. Doc. No. 1, at 4; R. Doc. No. 9-1, at 2.
[18] R. Doc. No. 1-3, at 6–7.
[19] *Id.* at 1.
[20] *Id.*
[21] R. Doc. No. 1, at 4.
[22] *Id.* at 5.

In response, defendant filed the instant motion to dismiss, arguing that the complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(3).[23] Specifically, defendant contends that the Court lacks jurisdiction over plaintiff's retaliation claim because this claim was not alleged in the EEOC complaint.[24] Defendant also argues that plaintiff's complaint fails to state a viable Title VII claim because plaintiff has failed to allege sufficient facts to support either a hostile work environment claim or a disparate treatment claim.[25] Additionally, defendant contends that the complaint fails to state a claim pursuant to the ADEA because any claims for monetary damages against defendant are barred by the Eleventh Amendment.[26] Finally, defendant argues that plaintiff's remaining claims, if any, should be transferred to the Middle District of Louisiana, which it claims is the appropriate venue.[27]

## II. LAW & ANALYSIS

### a. ADEA Claim

Because federal courts are courts of limited jurisdiction, the Court first addresses defendant's argument that sovereign immunity bars plaintiff's ADEA claim. *See Robicheaux v. Caldwell*, 986 F. Supp. 2d 749, 751 (E.D. La. 2013) (Feldman, J.). Sovereign immunity—the idea that a state may not be sued without its consent—is "a jurisdictional bar." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, at

---

[23] R. Doc. No. 9-1.
[24] *Id.* at 6–7.
[25] *Id.* at 7–10.
[26] *Id.* at 10.
[27] *Id.* at 10–11.

\*97–101. In other words, sovereign immunity bears on a court's subject matter jurisdiction. *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 333 n.8 (5th Cir. 2002).

Pursuant to Federal Rule of Civil Procedure 12(b)(1), "a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *Id.* (quotation omitted). Courts are to consider a Rule 12(b)(1) jurisdictional argument before addressing any other arguments on the merits. *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). The burden of demonstrating subject matter jurisdiction is on the party asserting jurisdiction. *Ramming*, 281 F.3d at 161. "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*

Without referencing jurisdiction, defendant argues that it is entitled to sovereign immunity and that plaintiff's claims for monetary damages under the ADEA should therefore be dismissed.[28] To determine whether defendant may assert sovereign immunity, the Court must determine whether defendant is an "arm of the state." *See Daniel v. Univ. of Tex. Sw. Med. Ctr.*, 960 F.3d 253, 256 (5th Cir. 2020). "The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury[.]'" *Moore v. Tangipahoa Par. Sch. Bd.*, 507 F. App'x 389, 407 (5th Cir. 2013) (quoting *Dugan v. Rank*, 372 U.S. 609, 620 (1963)). Although neither plaintiff nor defendant says so, other courts have noted that the Louisiana Department of Education operates and provides funding for defendant. *See Hudson v. La. State Bd. of Elementary and Secondary Educ.*, No. 20-00551-BAJ-RLB,

---

[28] R. Doc. No. 9-1, at 10.

2023 WL 2771566, at *1 (M.D. La. Mar. 31, 2023). Accordingly, defendant is an "arm of the state" for sovereign immunity purposes.

While Congress can abrogate a state's sovereign immunity, the Supreme Court has held that, in enacting the ADEA, Congress did not properly abrogate states' sovereign immunity from suit by citizens. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 69 (2000). Further, there is no indication that the state of Louisiana has waived its immunity in this case. Accordingly, plaintiff's ADEA claim is barred by the doctrine of sovereign immunity. Plaintiff has not met her burden of establishing the Court's subject matter jurisdiction with respect to this claim. The Court will therefore grant defendant's motion to dismiss plaintiff's ADEA claim for lack of subject matter jurisdiction.

### b.    Venue

Next, the Court considers defendant's argument pursuant to Rule 12(b)(3) that the remaining claims should be transferred to the Middle District of Louisiana, where "venue is appropriate."[29] Because the Court lacks subject matter jurisdiction over

---

[29] Defendant appears to suggest that the Court should first evaluate whether plaintiff's claims must dismissed pursuant to Rule 12(b)(6), dismiss any claims as appropriate, and *then* transfer any "remaining claims" to the Middle District of Louisiana, where "venue is proper." *See* R. Doc. No. 9-1, at 10. However, defendant's Rule 12(b)(6) arguments should be considered by the court where venue is proper. *See, e.g.*, *Daigre v. SSX, L.L.C.*, No. Civ.A. 97-2700, 1998 WL 187829, at *1 (E.D. La. Apr. 20, 1998) (Duval, J.) (transferring case and "declin[ing] to consider Defendants' 12(b)(6) motions for failure to state a claim); *Schmidt v. Delta Airlines, Inc.*, No. 98-3659 1999 WL 179469, at *1 (E.D. La. Mar. 31, 1999) (Barbier, J.) (addressing motion to transfer for improper venue before motion to dismiss for failure to state a claim); *Martin v. Impact Health*, No. 23-2497, 2023 WL 7498175, at *5 (E.D. La. Nov. 13, 2023) (Currault, J.) (transferring case for improper venue and deferring Rule 12(b)(6) motion for determination by transferee court). Accordingly, the Court will consider

plaintiff's ADEA claim, it addresses defendant's argument regarding venue only with respect to plaintiff's Title VII claims.

Pursuant to Rule 12(b)(3), a defendant may raise the defense of improper venue before a responsive pleading is filed. *Fernandez v. Jagger*, No. 23-891, 2023 WL 6880431 (E.D. La. Oct. 18, 2023) (Fallon, J.) (citation omitted). "When venue is challenged, the burden is on the plaintiff to establish that the district he chose is a proper venue." *Id.* (quoting *Asevedo v. NBCUniversal Media, LLC*, 921 F. Sup. 2d 573, 589 (E.D. La. 2013)). "When resolving a Rule 12(b)(3) motion without an evidentiary hearing, a court accepts a plaintiff's well-pleaded factual allegations as true and draws all reasonable inferences in plaintiff's favor." *Redhawk Holdings Corp. v. Schreiber*, No. 17-819, 2017 WL 6211037, at *1 (E.D. La. Aug. 16, 2017) (Lemelle, J.). If venue is not supported by a federal statute, then the court "shall dismiss, or if it be in the interest of justice, transfer, [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Although defendant does not cite it, "Title VII contains a specific venue provision which displaces the general venue provision set out in 28 U.S.C. § 1391." *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 (5th Cir. 2013). Title VII's venue provision states that an action may be brought (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to

---

whether venue is proper in this Court before considering the merits of defendant's Rule 12(b)(6) arguments.

7

such practice are maintained and administered," or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice[.]" 42 U.S.C. § 2000e-5(f)(3). "[I]f the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." *Id.*

With respect to plaintiff's Title VII claims, venue is proper both in this Court and in the Middle District of Louisiana since both districts are in "the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). Defendant does not argue that transfer is nevertheless appropriate "for the convenience of the parties and witnesses, in the interest of justice" pursuant to 28 U.S.C. § 1404(a). The Court therefore will not assess the public and private interest factors relevant to that analysis at this point, though defendant may raise this argument in an appropriate timely-filed motion. Accordingly, the Court will deny without prejudice defendant's motion to transfer plaintiff's remaining claims to the Middle District of Louisiana.

### c.   Retaliation Claim

The Court next addresses defendant's argument that plaintiff failed to exhaust her administrative remedies with respect to her retaliation claim. "Before a plaintiff may file suit in federal court under [] Title VII[,] the plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC." *Jennings v. Towers Watson*, 11 F.4th 335, 342 (5th Cir. 2021) (citing *Melgar v. T.B. Butler Publ'g Co.*, 931 F.3d 375, 378–79 (5th Cir. 2019) (per curiam)). The Fifth

Circuit has held that "Title VII's exhaustion requirement is not jurisdictional." *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 306 (5th Cir. 2018).

"[T]he crucial element of a charge of discrimination is the factual statement [particulars section] contained therein." *Ellzey v. Cath. Charities Archdiocese of New Orleans*, 833 F. Supp. 2d 595, 601 (E.D. La. 2011) (Engelhardt, J.) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970). In determining whether a plaintiff has exhausted a particular claim, courts construe the scope of an EEOC complaint "somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination[.]" *Jennings*, 11 F.4th at 342 (quoting *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017)). Courts "engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." *Id.* (quoting *Patton*, 874 F.3d at 443).

The Court must decide whether an EEOC investigation into retaliation "could reasonably be expected to grow out of the charge of discrimination" based on the facts plaintiff alleged in her charge. *Jennings*, 11 F.4th at 342 (quotation omitted). "In order to state a retaliation claim, a plaintiff must allege '(1) that [she] engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action." *Williams v. Recovery Sch. Dist.*, 859 F. Supp. 2d 824, 830 (E.D. La. 2012) (Vance, J.) (quoting *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 47 (5th Cir. 2002)).

9

"Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Id.* at 830–31 (quoting *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003)).

Defendant argues that plaintiff's EEOC charge "exclusively concerned allegations that she was discriminated against because of her race, sex, and color" and that the EEOC charge form "does not allege retaliation[.]"[30] Looking to the substance of plaintiff's EEOC charge rather than its label, however, the particulars section of plaintiff's EEOC charge states that she complained about violations of students' civil rights and race-based pay disparities (alleged activity she may have reasonably believed was rendered unlawful by Title VII), that she was discharged, and that the events forming the basis for her charge took place between May 2021[31] and October 2021, culminating with her discharge on October 29, 2021.[32] These factual allegations set this case apart from *Givs v. City of Eunice*, the case upon which defendant primarily relies. 512 F. Supp. 2d 522, (W.D. La. 2007). In that case, the court concluded that the plaintiff's "failure to allege *any facts* concerning retaliation that would have put the EEOC on notice about the possibility of retaliation" was "fatal" to this claim. *Id.* at 536–37. By contrast, in the instant case, an investigation

---

[30] R. Doc. No. 9-1, at 6.
[31] As defendant points out, plaintiff alleges that she was subject to discrimination as early as May 2021, but the statement in her EEOC charge suggests that these events took place after her promotion in July 2021. R. Doc. No. 9-1, at 11. The Court does not find this discrepancy consequential for purposes of the present motion to dismiss.
[32] R. Doc. No. 1-3, at 7.

10

into possible retaliation could "reasonably be expected to grow out of the charge of discrimination" in light of the facts alleged. *Jennings*, 11 F.4th at 342 (quotation omitted).

In reaching this conclusion, the Court is mindful that, "[i]n determining whether a plaintiff has exhausted a particular claim, 'the scope of an EEOC complaint should be construed liberally.'" *Jennings*, 11 F.4th at 342 (quoting *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017)). The Court is also mindful that that "[a] pro se litigant's pleadings are construed liberally." *Id.* (quoting *Butler v. Porter*, 999 F.3d 287, 292 (5th Cir. 2021)). Defendant does not presently assert that plaintiff's retaliation claim should be dismissed on any other ground. Accordingly, the Court will deny defendant's motion to dismiss plaintiff's retaliation claim based on failure to exhaust her administrative remedies.

### d. Title VII Claims

Defendant also argues that plaintiff has failed to allege a viable Title VII claim for hostile work environment or disparate treatment.[33] Rule 12(b)(6) allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Together, these rules demand "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted).

---

[33] R. Doc. No. 9-1, at 7–10.

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of *each element* of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (emphasis added) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted). Thus, "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

12

In considering a motion to dismiss, a district court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "[A] district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).

### i. Hostile Work Environment

Defendant contends that plaintiff has failed to allege sufficient facts to substantiate a hostile work environment claim.[34] "Title VII 'proscribes the creation of a discriminatorily hostile or abusive environment.'" *Burchfield v. S. La. Med. Assocs.*, No. 23-1501, 2023 WL 5952183, at *11 (Vance, J.) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). "An employee has a cause of action under Title VII when the workplace is 'permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Id.* (quoting *Harris*, 510 U.S. at 21).

To state a claim for a hostile work environment in a case where a supervisor or someone with higher authority perpetrated the harassment, a plaintiff must allege (1) that she belongs to a protected class; (2) that she was subjected to unwelcome harassment; (3) that the harassment was based on a prohibited ground such as race or gender, and (4) that the harassment affected a term, condition, or privilege of

---

[34] *Id.* at 7.

employment. *Blanchard v. Tulane Univ.*, 636 F. Supp. 3d 642, 656 (E.D. La. 2022) (Morgan, J.) (quotation omitted). "The inquiry for the Court at this stage is whether the complaint contains factual allegations sufficient to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claims." *Id.* (quotation omitted). Plaintiff need not make out a *prima facie* case of discrimination to survive a Rule 12(b)(6) motion. *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

Defendant argues that plaintiff's claim should be dismissed because the facts alleged do not demonstrate harassment sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment.[35] *See Burchfield*, 2023 WL 5952183, at *11. "Harassment affects a term, condition, or privilege of employment when it is 'severe or pervasive.'" *Blanchard*, 636 F. Supp. 3d at 656 (quotation omitted). "[The] plaintiff must show that the environment was both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Id.* (quotation omitted). "Courts must look at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance in determining whether conduct is hostile or abusive." *Id.* (quotation omitted). "Simple teasing, offhand comments, and isolated

---

[35] R. Doc. No. 9-1, at 7–9.

incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Id.* (quotation omitted).

As discussed, plaintiff's EEOC charge alleges that plaintiff raised certain concerns to the superintendent, Garrett, who told her to "stop talking about" her concerns, that "he didn't care[,] and that he was not going to get rid of any White folks."[36] Plaintiff also alleges that Garrett made comments about her "natural hair needing to be tamed[,]"her "eyelashes being long[,]" and told her that he hoped she "wasn't like the average angry black woman" and that she should "be more lady like and less masculine."[37] Plaintiff alleges that "[a]ll of this created a hostile work environment[.]"[38]

Plaintiff states that Garrett made the comments about her hair and eyelashes "on multiple occasions[,]" suggesting that these comments were made with some frequency.[39] Garrett's conduct was not physically threatening. However, the Fifth Circuit has explained that, just as "a single incident of harassment, if sufficiently severe, could give rise to a viable Title VII claim[,] a continuous pattern of much less severe incidents of harassment" could also give rise to a viable Title VII claim. *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 400 (5th Cir. 2007). Importantly, whether the evidence ultimately bears out defendant's contention that plaintiff has failed to establish a *prima facie* hostile work environment claim is not before the

---

[36] R. Doc. No. 1-3, at 6; *see also* R. Doc. No. 9-1, at 2.
[37] R. Doc. No. 1-3, at 6; *see also* R. Doc. No. 9-1, at 2.
[38] R. Doc. No. 1-3, at 7.
[39] *Id.* at 6.

15

Court on the instant motion to dismiss. *See E.E.O.C. v. Jamal & Kamal, Inc.*, No. 05-2667, 2006 WL 285143, at *2 (E.D. La. Feb. 7, 2006) (Africk, J.). Accordingly, and in light of the fact that *pro se* pleadings should be construed liberally, the Court will not dismiss plaintiff's hostile work environment claim at this time, although summary judgment for defendant may be appropriate at a later stage of these proceedings. *Jennings*, 11 F.4th at 342.

### ii.  Disparate Treatment

Defendant also argues that plaintiff fails to allege sufficient facts to allege a viable disparate treatment claim under Title VII.[40] Defendant wrongly suggests that plaintiff is required to establish a *prima facie* case of disparate treatment.[41] For support, defendant relies only on two Fifth Circuit cases applying the summary judgment standard rather than the motion to dismiss standard.[42] As stated, plaintiff need not make out a *prima facie* case of discrimination in order to survive a Rule 12(b)(6) motion. *Raj*, 714 F.3d at 331.

Nevertheless, plaintiff must plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make her case plausible. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (citing *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)). "[T]here are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an

---

[40] R. Doc. No. 9-1, at 9–10.
[41] *Id.*
[42] *Id.* (citing *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253 (5th Cir. 2009) and *Roberts v. Tex. Dep't of Human Servs.*, 275 F.3d 1083 (5th Cir. 2001)).

16

'adverse employment action,' (2) taken against a plaintiff '*because of* her protected status.'" *Id.* (citing *Raj*, 714 F.3d at 331). In the instant case, plaintiff alleges that she was paid less than white education directors even though those directors were "underqualified" and, as previously discussed, that the superintendent, Garrett, made racial comments.[43] She also alleges that her employment was terminated within a few months of her complaints and Garrett's alleged comments.[44] Defendant has cited no cases suggesting that, at this early stage in the litigation, these allegations are insufficient to state a claim for disparate treatment. Accordingly, defendant's motion to dismiss this claim will be denied.

### III.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent it seeks to dismiss plaintiff's ADEA claim for lack of subject matter jurisdiction. The motion is **DENIED** to the extent it seeks to dismiss plaintiff's retaliation claim for failure to exhaust administrative remedies. Further, the motion is **DENIED** to the extent it seeks to dismiss plaintiff's hostile work environment and disparate treatment claims pursuant to Rule 12(b)(6). The motion is also **DENIED** to the extent it seeks to transfer the case to the Middle District of Louisiana, without prejudice to defendant's right to seek transfer pursuant to 28 U.S.C. § 1404(a).

---

[43] R. Doc. No. 1-3, at 6–7.
[44] *Id.* at 7.

New Orleans, Louisiana, December 4, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

18